IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SETH MICHAEL KASEL,

    **Plaintiff,**

    v.                              CASE NO. 17-3076-SAC

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3.) Plaintiff is detained at the Sedgwick County Detention Facility in Wichita, Kansas ("SCDF"). Plaintiff alleges that he is fighting a registration case and the state has violated his rights "in a multitude of ways." Plaintiff alleges that his due process rights are being violated because he has not had a preliminary hearing within fourteen days of his arrest or arraignment which occurred on January 9, 2017. Plaintiff alleges that he is being detained unlawfully because he has been deemed a non-threat to society by state psychologists. Plaintiff alleges that the Kansas Offender Registration Act ("KORA") is harmful. Plaintiff names the State of Kansas as his sole defendant, and he seeks as damages "$100,000,000, relief from registry, and protection from retributive actions from the courts and law enforcement."

On September 27, 2017, the Court entered a Notice and Order to Show Cause ("NOSC") (Doc. 4), giving Plaintiff until October 27, 2017, to show cause why his case should not be dismissed for the reasons set forth in the NOSC. In the NOSC, the Court found that because failure to exhaust appears from the face of the Complaint, Plaintiff is required to show that he

has fully and properly exhausted his administrative remedies. The Court also found that because the State and its agencies are not "persons" subject to suit for money damages under § 1983, Plaintiff's request for money damages against the State of Kansas is subject to dismissal. Furthermore, the Court found that the Court may be prohibited from hearing Plaintiff's claim under *Younger v. Harris*, 401 U.S. 37, 45 (1971). The Court directed Plaintiff to clarify whether or not state criminal proceedings are ongoing, noting that if Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87.

Plaintiff has failed to respond to the NOSC within the prescribed time. The Court finds that this case should be dismissed due to the deficiencies set forth in the NOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 31st day of October, 2017.**

<u>S/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**